# APPENDIX A.

# OPINIONS OF THE JUSTICES OF THE SUPREME COURT

TO

THE SOVEREIGN, THE CABINET AND THE LEGISLATURE.

———◆———

## IN THE MATTER OF QUALIFICATION OF NOTARIES PUBLIC AND SIMILAR OFFICERS TO SIT IN THE LEGISLATURE.

OPINIONS OF THE JUSTICES OF THE SUPREME COURT TO THE CABINET.

Notaries Public and similar officers are officers within the prohibition of Article 20 of the Constitution, and are not eligible to election to the Legislature.

DEPARTMENT OF THE JUDICIARY,
HONOLULU, H. I., August 29, 1887.

*His Excellency, W. L. Green, Minister of Finance and Premier:*

SIR: The Chief Justice has had the honor to receive the communication from His Majesty's Cabinet of August 24th, in which the opinion of the Justices of the Supreme Court is asked upon,

First. Does the Constitution prohibit Notaries Public, Agents to take acknowledgments (of deeds) and Agents to take acknowledgments to labor contracts, from holding seats in the Legislative Assembly?

In reply to this, I have to say that Notaries Public, receiving appointment by the King in Privy Council, on the nomination of the Minister of the Interior, being subjects, being required to

take an oath of office, and holding office during His Majesey's pleasure (See Sections 1266–7 of the Code), are officers, and come within the prohibition of Article 20 of the Constitution.

Agents to take acknowledgments to labor contracts are appointed by the Minister of the Interior. (See Chap. 30 of the Acts of 1886.)

Agents to take acknowledgments to deeds are appointed by the Registrar of Conveyances, under the direction of the Minister of the Interior. They hold office at the pleasure of the appointing power. The Registrar, whose agents they are, holds office at the pleasure of the King. Such agents, therefore, come within the description of officers in Art. 20; the payment by fees does not make the holder of an appointment less an officer than if he were paid by salary. They are within the mischief intended to be remedied by this clause in the Constitution, which was to prevent the Legislature from being filled by persons holding or seeking Government appointments.

We beg leave to call attention to the phraseology of the question: "Hold seats in the Legislative Assembly :" and to say that in our view the term of the Constitution, "eligible to election," plainly imports that the persons referred to are made incapable of being elected. Such persons, if elected, do not become capable by afterwards resigning the office. They remain disqualified, as much so as minors or women, or others not eligible by the provisions of Art. 61.

In the absence to-day of the Chief Justice, I beg leave to forward at once our opinion upon this question.

In regard to the second question, we ask for further time for deliberation.

I have the honor to remain,

L. McCULLY,
Justice Supreme Court.